ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 16 AM 11 35

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NEKYLE CHANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-087 |
| ) | |
| S. ZANDERS, Deputy Warden of Security, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Ware State Prison ("WSP") in Waycross, Georgia,[1] requested and was granted permission to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. After granting Plaintiff permission to proceed IFP, however, it subsequently came to the Court's attention that, as explained below, he is subject to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). Accordingly, the Order granting Plaintiff permission to proceed IFP (doc. no. 3.) has been vacated in an Order issued simultaneously with this Report and Recommendation. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with

---

[1] Although he is currently incarcerated at WSP, Plaintiff's complaint primarily concerns events that allegedly occurred while he was incarcerated at Telfair State Prison ("TSP"), located in Helena, Georgia. (See doc. no. 1.)

the mandates of the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed for failure to state a claim under § 1915(g): (1) Chaney v. Schaaf, CV 104-1952 (D. Colo. Jan. 3, 2006) (dismissed for failure to exhaust administrative remedies[3]); (Chaney v. Rowlette, CV 104-1347 (D. Colo. Oct. 26, 2004) (dismissed for failure

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[3] The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d at 731.

2

to exhaust administrative remedies); and (3) Chaney v. Lappin, CV 104-475 (D. Colo. July 6, 2004) (dismissed for failure to exhaust administrative remedies). As Plaintiff filed a complaint or an appeal that was dismissed for failure to exhaust administrative remedies in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's complaint primarily concerns his allegations that, when he rejected Defendants' alleged attempt to use him as an "informant" in order to "bust" other inmates, they "verbally threatened [his] safety and well-being," and that, later, after filing a grievance concerning that incident, Plaintiff was assaulted by inmates who were members of the gang about which Defendants intended for Plaintiff to gather information. (See doc. no. 1, pp. 5-8.) Plaintiff alleges that those inmates assaulted him at the direction of Defendants in retaliation for Plaintiff's rejecting their request that he act as an informant and for the subsequent grievance that he filed concerning the same. (Id. at 8.) Plaintiff further alleges that there is an "existing imminent danger to [him] of loss of life or irreparable physical injury at Telfair State Prison and [all] throughout the entire [Georgia Department of Corrections] prison system." (Id.)

3

However, although Plaintiff alleges that the events that he describes took place on July 10, 2012, he did not file the instant complaint until September 14, 2012. (See generally id.) Thus, Plaintiff's alleged injuries predate the filing of his complaint by several months, and are therefore plainly insufficient to show any imminent danger of serious physical injury during the relevant time frame, especially considering that he has been transferred from TSP – where he alleges the events in his complaint to have taken place – to WSP. See Medberry, 185 F.3d at 1193. Plaintiff does not allege in his complaint that any further incidents took place after July 10, 2012, nor does he provide any factual support whatsoever for the conclusory contention that he is under an ongoing threat of harm from the "entire GDC prison system." (Doc. no. 1, p. 10.) As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Dishonesty in Complaint

Moreover, the form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff identified only one previous case: Chaney v. McGuire, CV 109-3097 (N.D. Ga. Nov. 29, 2011). (Doc. no. 1, pp. 2-3.)

However, as noted above, Plaintiff has brought at least three other cases, all of which were dismissed for failure to exhaust administrative remedies, and in all of which he was permitted to proceed IFP. Thus, Plaintiff clearly provided false information about his prior

4

filing history in his complaint. Plaintiff's blatant dishonesty provides another basis for dismissal of this case.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[4]

---

[4]The court in Parker thoughtfully ruled as follows:

The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing

5

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[5]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 16th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

[5]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).