**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 DEC -5  PM 4:01

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NEKYLE CHANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-087 |
| ) | |
| S. ZANDERS, Deputy Warden of Security, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 11). The Magistrate Judge recommended that Plaintiff's complaint be dismissed after reviewing his history of filings and finding that Plaintiff had previously brought at least three cases or appeals that were dismissed for failure to state a claim under the "three strikes" provision of 28 U.S.C. § 1915. (Doc. no. 9, pp. 2-3.) The Magistrate Judge also concluded that Plaintiff did not fall within the "imminent danger" exception to § 1915, and cited Plaintiff's failure to identify his previous cases under penalty of perjury as an additional ground for dismissal. (Id. at 3-4.) Plaintiff objects to the Magistrate Judge's determination that he does not fall within the "imminent danger" exception to § 1915, and he additionally notes that his failure to identify his previous cases was the result of "mistake of fact" rather than intentional dishonesty. (Doc. no. 11, pp. 1-2.) Only Plaintiff's objection concerning

the imminent danger exception merits further discussion.

In support of that argument, Plaintiff describes for the first time an event that he alleges took place at Ware State Prison ("WSP") on September 19, 2012. (Doc. no. 11, p. 1.) Notably – and providing an explanation for the event's omission from the original complaint – Plaintiff filed his original complaint on September 14, 2012, five days before he alleges that the event occurred. (See doc. no. 1.) Additionally, the Court notes that the alleged events serving as a basis for Plaintiff's complaint took place at Telfair State Prison ("TSP"), from which Plaintiff was transferred prior to the filing of his complaint. (Id.) As the Magistrate Judge explained in the R&R, in order to come within the imminent danger exception, a prisoner must be in imminent danger *at the time he files suit in district court*, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, as noted, the event that Plaintiff attempts to use as a basis for his falling within the imminent danger exception had not yet occurred at the time that he filed his complaint. Thus, it appears that Plaintiff is improperly attempting to show that this after-the-fact occurrence is somehow indicative of the imminent danger that he faced – unbeknownst even to himself – five days earlier. Moreover, the Magistrate Judge has already found that Plaintiff, in the absence of this alleged later event, failed to adequately allege that he was in imminent danger based on the circumstances described in his complaint. (Doc. no. 9, pp. 3-4.) Thus, Plaintiff has not shown in his complaint or his objections that he was in imminent danger at the time that he filed his lawsuit. Medberry, 185 F.3d at 1193.

As to the newly alleged event itself, the Court finds that, even if it were

chronologically relevant, it does not show that Plaintiff was or is in any actual imminent danger. Plaintiff alleges that, on September 19, 2012, after he was transferred from Telfair State Prison ("TSP") to WSP, he entered general population and was confronted in his cell by a group of inmates in possession of a contraband cell phone. (Doc. no. 11, p. 1.) Plaintiff alleges that the phone contained a picture of Plaintiff that had been circulated as a text message, and that the inmates then used the cell phone to call an inmate at TSP who, according to the original complaint, allegedly assaulted Plaintiff in July of 2012. (Id.) Plaintiff alleges that the inmate at TSP bragged about the previous assault and urged the WSP inmates to "deal with" Plaintiff. (Id.) The WSP inmates then "escorted" Plaintiff from the dorm and told him that if he left administrative segregation and attempted to get himself relocated to a dorm, he would be "dealt with." (Id.) Notably, Plaintiff's objections, in which he describes the preceding event, are dated November 26, 2012, and he does not allege that the conflict ever escalated beyond the markedly vague verbal threats made on September 19, 2012. (Id.) Thus, as with the circumstances in his original complaint, the alleged threat against Plaintiff is significantly attenuated from the filing of his complaint and is therefore plainly insufficient to show any imminent danger of serious physical injury either now or at the time he filed his complaint, which is the relevant time frame. See Medberry, 185 F.3d at 1193.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this civil action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee.

Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 5th day of December, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE